IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DEANDREW V. DIXON,

                        Petitioner,

         v.                                    CASE NO. 10-3036-SAC

STATE OF KANSAS,

                        Respondent.


<u>MEMORANDUM AND ORDER</u>

Petitioner proceeds pro se and in forma pauperis in this matter, seeking habeas corpus relief under 28 U.S.C. § 2254 on a single claim that his counsel's incorrect sentencing advice prior to petitioner entering a guilty plea violated petitioner's Sixth Amendment right to effective assistance of counsel.

**BACKGROUND**

Petitioner was convicted in the Sedgwick County District Court on his plea of guilty to one count of aggravated battery committed while petitioner was on probation in two earlier cases.  Pursuant to the negotiated plea agreement, the State dismissed a charge of criminal possession of a firearm, and agreed to recommend the lowest presumptive sentence in the appropriate sentencing range.  The signed agreement notified petitioner that he faced a potential prison term between 31 and 136 months.  The agreement further stated that any later discovery regarding petitioner's criminal history could change petitioner's criminal history category (left blank in the signed agreement) and increase petitioner's sentence.

At sentencing, defense counsel indicated the plea agreement offered and accepted was based on an incorrect understanding by both the State and defense counsel that petitioner's criminal history category was "D," which would yield a presumptive 52 month sentence under the agreement.   All parties had subsequently discovered, however, that petitioner had a criminal history category of B, which significantly increased the lowest presumptive sentence to 114 months.   Defense counsel sought a downward durational departure sentence to reflect the 52 month sentence anticipated by all parties when petitioner entered his plea.   The sentencing court denied that request, and sentenced petitioner to a prison term of 114 months.

Petitioner thereafter filed two motions to withdraw his guilty plea, citing error and misrepresentation by counsel in advising petitioner of the recommended and expected sentence, and stating petitoner's desire to go to trial if facing a much higher sentencing range.   The district court denied both motions.

Petitioner also filed a post-conviction motion under K.S.A. 60-1507 to set aside his plea, alleging ineffective assistance by defense counsel prior to petitioner signing the plea agreement and entering his plea.   The district court summarily denied relief.   The Kansas Court of Appeals affirmed that decision, and the Kansas Supreme Court denied further review.

**STANDARD OF REVIEW**

This proceeding is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which imposes a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt."   *Renico*

*v. Lett*, 559 U.S. ----, 130 S.Ct. 1855, 1862 (2010)(citations and internal quotation marks omitted).  When, as in this case, a state prisoner seeks federal habeas relief on a "claim that was adjudicated on the merits in State court proceedings," the federal court under AEDPA may grant relief only if the state court adjudication resulted in a decision:  "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is "contrary to clearly established Federal law" when the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

A state court decision involves an unreasonable application of clearly established federal law where it identifies the correct legal rule from Supreme Court case law, but unreasonably applies that rule to the facts.  *Id*. at 407–08.  To obtain relief, a petitioner must show that "the state court's application of clearly established federal law was objectively unreasonable."  *Id*. at 409.  "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold."  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their

independent judgment would conclude the state court misapplied Supreme Court law." *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir.2006).

**DISCUSSION**

Petitioner's claim in this action is that his guilty plea was coerced due to the ineffective assistance of defense counsel who failed to adequately investigate petitioner's criminal history and failed to accurately advise petitioner about the lowest presumptive prison sentence under the plea agreement. The state district court summarily denied relief on this post-conviction claim without holding an evidentiary hearing.

The Supreme Court has established that "[d]efendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, __ U.S.__, 132 S.Ct. 1376, 1384 (2012)(citations omitted). The familiar two-part test in *Strickland v. Washington*[1] applies when a habeas petitioner challenges his guilty plea on ineffective assistance grounds. *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 1405 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). Thus in such cases a petitioner must show "that counsel's representation fell below an objective standard of reasonableness," and must show through objective evidence "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[2]

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984)(constitutional claim of ineffective assistance of counsel requires two part showing that counsel's performance was both deficient and prejudicial).

[2] This constitutional standard must also be satisfied to challenge a guilty plea as involuntary due to counsel error. *Hill*, 474 U.S. at 56-57. *See e.g. Worthen v. Meachum*, 842 F.2d 1179, 1184 (10th Cir.1988)("When an involuntariness claim rests on the faulty legal decisions or predictions of defense counsel, the plea will be deemed constitutionally involuntary only when the attorney is held to have been

*Hill*, 474 U.S. at 57-59.

Regarding claims that counsel provided erroneous sentencing advice to a criminal defendant, the Supreme Court has explained the defendant "assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts." *McMann v. Richardson*, 397 U.S. 759, 774 (1970). "That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." *Id*. at 770. *See also Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir.2002)("An erroneous sentence estimate by defense counsel does not render a plea involuntary. And a defendant's erroneous expectation, based on his attorney's erroneous estimate, likewise does not render a plea involuntary.")(quotation marks and citation omitted).

In the present case, the Kansas Court of Appeals affirmed the district court's denial of petitioner's claim of ineffective assistance of counsel, noting in part petitioner's signed Acknowledgement of Rights and Entry of Plea form which sets forth a sentencing range of 31 to 136 months depending upon petitioner's criminal history.[3] And significantly, the state appellate court stated that "Dixon fails to demonstrate that but for his counsel's

---

constitutionally ineffective.")(citing *Hill*), *overruled on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991).

[3]The court notes petitioner's reference to the transcript of his guilty plea hearing in which the district court questioned petitioner about the plea agreement, asking in part if petitioner understood that he had a sentencing range from 31 to 106 months. Petitioner responded affirmatively without correction or objection by any party notwithstanding the sentencing range of 31 to 136 months set forth in the signed agreement. In the subsequent sentencing hearing there is no reference or argument regarding the district court's previous recitation of a 31 to 106 month sentencing range.

initial mistake regarding his criminal history score, Dixon would not have pled guilty and would have insisted on going to trial." *Dixon v. State*, 2007 WL 438734, \*\*1-2 (Kan.App), *rev. denied* (2007).

The state court record supports this determination, and the state appellate court's rejection of petitioner's claim of ineffective assistance of counsel –,on a finding that petitioner had not satisfied the prejudice prong in *Strickland* - fully comports with federal law as determined by the Supreme Court in *Strickland*. *See Strickland*, 466 U.S. at 694 (a court may address the performance and prejudice prongs in any order, and need not address both if there is an insufficient showing to satisfy one prong).

Accordingly, because petitioner has not demonstrated that the state appellate court's decision was based on an unreasonable determination of the facts, or that the state court's decision involved an unreasonable application of clearly established federal law, petitioner is not entitled to habeas corpus relief under § 2254.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is denied.

**IT IS SO ORDERED.**

DATED:  This 15th day of January 2013 at Topeka, Kansas.


                              s/ Sam A. Crow
                              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                              SAM A. CROW
                              U.S. Senior District Judge